IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO BUENAVENTA,

    Plaintiff,

v.                                                                            Civ. No. 03-00922 RLP/RHS

CENTEX AMERICAN GYPSUM,
a/k/a AMERICAN GYPSUM COMPANY,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion to Dismiss. Having reviewed the parties' submissions and the applicable law, the court denies Defendant's Motions for the reasons stated below.

Defendant's Motion is premised on Fed.R.Civ.P. 12(b)(5) and Fed.R.Civ.P. 4(m); the former for insufficiency of service of process and the latter providing in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion . . . shall dismiss the action without prejudice within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Defendant states that the complaint was filed on August 6, 2003, the same day that Plaintiff and Defendant entered into settlement of a related claim. The settlement documents specifically reserved the claims asserted in the August 6th complaint. Defendant argues that it "reasonably believed" that Plaintiff would abandon the asserted claims and therefore neither preserved nor conducted informal discovery. Plaintiff, on his part, argues that the parties were in settlement negotiations in the related case and

Defendant was aware of the instant case. Plaintiff's counsel states that he advised his staff that he intended to get a waiver of service and that's why his staff never proceeded with serving Defendant. Evidently, neither counsel voiced to the other his or her respective beliefs. On December 11, 2003 the Clerk of the Court sent notice to Plaintiff of the impending dismissal for failure to serve; on December 12, 2003, Defendant was served and on December 24, 2003 Defendant filed its Motion arguing that service was eight days late and therefore dismissal was warranted.

As the Tenth Circuit Court of Appeals instructs, the district court has discretion whether to dismiss the case without prejudice when the plaintiff fails to serve within the requisite 120-period. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Even if, as here, the plaintiff fails to show "good cause" for his failure, the court may nevertheless grant a permissive extension of time. *Id.* Considering the parties' arguments, the court finds that the eight-day extension is granted and therefore, service is timely.

IT IS SO ORDERED.

> Richard L. Puglisi
> United States Magistrate Judge
> (sitting by designation)

For the Plaintiff:        Dennis Montoya, Esq.
For the Defendant:    Barbara G. Stephenson, Esq.